**Julio Cesar SUAREZ–CAYRO,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–74808.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed April 3, 2007.

Rhoda Wilkinson Domingo, Esq., Law Offices of Rhoda W. Domingo, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Shahira M. Tadross, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., William A. Hall, Esq., DOJ–U.S. Dept. of Justice Child Expl. and Obscen. Section/Crim.Div., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

Judge LEAVY dissents and would grant the petition.

MEMORANDUM **

Julio Cesar Suarez–Cayro, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant 8 U.S.C. § 1252. Reviewing for substantial evidence, *Yeimane–Berhe v. Ashcroft*, 393 F.3d 907, 910 (9th Cir.2004), we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding because the BIA pointed to specific and cogent reasons in finding it implausible that Suarez–Cayro's fractured ankle would carry him during his kidnap and escape. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Because Suarez–Cayro cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Because Suarez–Cayro's CAT claim is based on the same testimony that was found not credible, and he points to no other evidence that the BIA should have considered in making the CAT determination, his CAT claim also fails. *See id.* at 1157.

Additionally, Suarez–Cayro contends that his due process rights were violated because the IJ refused to allow Suarez–Cayro's psychotherapist to testify regarding his symptoms of post-traumatic stress disorder. Suarez–Cayro has failed to show how exclusion of this testimony prejudiced him. *See Hassan v. INS,* 927 F.2d 465, 469 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**

